IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-550-NJR-RJD |
| | ) |
| JOHN BALDWIN, KEVIN KINK, | ) |
| KAREN JAIMET, OFFICER BURLEY, | ) |
| LIEUTENANT GIVENS, OFFICER | ) |
| CLARK, OFFICER LANPLEY, JOHN | ) |
| VARGA, OFFICER GEE, OFFICER | ) |
| MANZANO, OFFICER BLACKBURN, | ) |
| LIEUTENANT DOERING, SERGEANT | ) |
| KUNDE, and JOHN DOES 1-4 , | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Motion for Expedited Discovery (Doc. 77) and the Motion for an Order Allowing Plaintiff to Appear in Civilian Clothes (Doc. 88) filed by Plaintiff Deon "Strawberry" Hampton.

In advance of the preliminary injunction hearing set on September 12, 2018, Hampton seeks aggregate data for the past year on the number of women at Logan Correctional Center who have received disciplinary reports, the nature of the infraction, and the Adjustment Committee's decision. Hampton also requests aggregate data for the past year indicating the number of women who have been held in segregation for disciplinary reasons and the length of time they have been in segregation.

Defendants argue this information is not relevant to the pending motion for preliminary injunction and the issue of whether Hampton should be housed at Logan

Correctional Center. They also assert the request would burden the Illinois Department of Corrections, especially if the aggregate data sought is not data that is routinely kept by the institution.

In reply, Hampton argues the information is relevant because Defendants claim that Hampton's disciplinary history and "aggression level" make her a security threat to other women prisoners at Logan. Thus, their argument against Hampton's equal protection claim appears to be that housing her based on her genitalia is substantially related to an important governmental interest, *i.e.*, the safety and security of other women prisoners at Logan. Hampton claims this justification is pretextual, and she seeks to show that other women prisoners are considered aggressive and have similar, if not worse, disciplinary records than she does. Furthermore, Hampton's counsel understands the data requested is maintained electronically by the Illinois Department of Corrections and can be easily generated. To the extent that understanding is wrong, Hampton's counsel agrees to meet and confer with defense counsel regarding mitigating that burden.

A party seeking expedited discovery has the burden of making a *prima facie* showing of the need for such early discovery. *See Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). Additionally, the movant must establish "good cause" for such expedited discovery. *Id.* Good cause is found where the need for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* (citation and quotation omitted). "In deciding a motion for expedited discovery, the Court evaluates 'the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Id.* (quoting *Ibarra v. City of*

*Chi.*, 816 F.Supp.2d 541, 554 (N.D. Ill. 2011)).

Here, the Court finds that Hampton has established good cause for the expedited discovery requests. The information is relevant to Hampton's motion for preliminary injunction because Defendants have cited security concerns for the women prisoners at Logan as one reason that Hampton will not prevail on her equal protection claim. Furthermore, the information apparently is maintained electronically and can be easily produced. If this presumption is incorrect and Defendants can demonstrate that it would be overly burdensome to produce the data, then the parties are directed to meet and confer to resolve the issue. Accordingly, the motion is granted.

Hampton's request to wear civilian clothing at the preliminary injunction hearing, however, is denied. While the Court routinely allows inmates to wear civilian clothing for jury trials, there will be no jury present at the hearing and, therefore, unfair prejudice is not a concern. The Court assures Hampton that it views litigants equally under the law no matter what clothing they are wearing.

For these reasons, Plaintiff Deon "Strawberry" Hampton's Motion for Expedited Discovery (Doc. 77) is **GRANTED**. Defendants are **ORDERED** to produce the requested data by noon on **September 11, 2018**. The Motion for an Order Allowing Plaintiff to Appear in Civilian Clothes (Doc. 88) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 6, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**