IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| DEON HAMPTON, M15934 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 18-550-NJR-RJD |
| | ) | |
| JOHN BALDWIN, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DOC. 36,86**

NOW COME the Defendants, JOHN BALDWIN, KAREN JAIMET, KEVIN KINK, NICHOLAS LAMPLEY, MICHAEL CLARK, JEREMY GIVENS, JACOB BLACKBURN, CHRISTOPHER DOERING, TAYLOR GEE, SUSAN KUNDE, ARTHUR MANZANO and JOHN VARGA by and through their attorney, LISA MADIGAN, Attorney General for the State of Illinois, and in response to Plaintiff's Notice of Supplemental Authority Regarding Defendants' Motion for Summary Judgment, Doc. 36, 86 state as follows:

1. Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies is currently pending before the Court. [d/e 36, 86].

2. A hearing on the Motion was held on November 19, 2018. During that hearing there was testimony and exhibits presented demonstrating that the Plaintiff attorneys forwarded grievances to the Administrative Review Board in an effort to exhaust administrative remedies.

3. On December 21, 2018, Plaintiff submitted "supplemental authority" consisting of a recent PREA audit report obtained from IDOC's website. Plaintiff argues the proposition that this audit report confirms there is no prohibition that limits third parties, including fellow

offenders, staff members, family members, attorneys and outside advocates to assist offenders in filing requests for administrative remedies (grievances) relating to allegations of sexual abuse, and these parties are permitted to file such requests on behalf of offenders. [d/e 114, ¶ 3].

4. Plaintiff's reliance on a PREA audit report in determining whether an inmate has exhausted administrative remedies prior to filing suit is misplaced. An audit report must not be considered as authority in place of a law/regulation that must be followed prior to filing suit. Audits are conducted by independent companies and have no role in establishing what is or is not necessary for exhaustion of administrative remedies.

5. In the United States Supreme Court case of *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007) the Court stated, "[t]here is no question that exhaustion is mandatory under the PLRA (Prison Litigation Reform Act)." *Id.*, 127 S. Ct. 910 at 918 (citing *Porter v. Nussle*, 534 U.S. at 524, 122 S. Ct. 983 (2002)). The Court further stated that the "applicable procedural rules" that a **prisoner** must properly exhaust "are defined not by the PLRA, but by the prison grievance process itself." *Id*., 127 S. Ct. at 922.

6. As an inmate confined within the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Department of Corrections Grievance Procedures for Offender to properly exhaust her claims against each of the Defendants. 20 Ill. Adm. Code § 504.800 et seq. The grievance procedures allow for an inmate to file emergency grievances directly to the Chief Administrative Officer. 20 Ill. Admin. Code § 504.810(a). This section also states: an offender may file a written grievance on a grievance form that shall be made available in all living units. Grievances shall be addressed to his or her institutional counselor; **however, complaints concerning discipline or sexual abuse shall be sent by the offender directly to the Grievance Officer**.

7. Staff assistance shall be available as requested by those offenders who cannot prepare their grievances unaided as determined by institutional staff. I20 Ill. Adm. Code 504.810(c). Additionally, "Each facility shall take reasonable steps to ensure that the **grievance** procedure is accessible to offenders who are impaired, disabled, or unable to communicate in the English language." 20 Ill. Adm. Code 504.810(c)(2).

8. According to the procedures above, the Code requires that a grievance be prepared on a form provided in the living units and also provides that complaints related to sexual abuse are required to be sent by the Offender to the Grievance Officer.

9. The Supreme Court addressed the exhaustion requirement in *Riccardo v. Rausch*, where plaintiff brought suit against a prison guard for assigning a cell mate who sexually assaulted him. 375 F. 2d 521, 523 (2004). Defendants asserted that Plaintiff failed to exhaust his administrative remedies. *Id*. The Court stated, "[p]risoners must follow state rules about the time and content of grievances. Failure to do this means failure to use available remedies." *Riccardo*, 375 F. 2d 523-24 (citing *Pozo v. McCaughtry*, 286 F. 3d 1022 (7th Cir. 2002).

10. The Court in *Riccardo* reviewed the grievance and mentioned the documents were at the "border of intelligibility" but still alerted prison officials of the complaint. *Id*. at 524. The Court explained that Illinois had not adopted any rule regarding the level of detail required within a grievance. *Id*. "If Illinois wants grievances to be more detailed, it must adopt appropriate regulations and inform prisoners what is required of them." *Id*. at 521.

11. There is no provision in the Illinois Administrative Code that allows grievances to be submitted by an attorney on behalf of an inmate. The regulations do not contemplate attorneys or personal representatives submitting grievances or grievance appeals. In fact, the portion of the code regarding appeals states:

> If, after receiving the response of the Chief Administrative Officer, the *__offender__* still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, *__he or she__* may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.

(Emphasis added) 20 Ill. Adm. Code § 504.850(a). The Administrative Code defines "Offender" as "a person committed to the Department or to the custody of the Department." 20 Ill. Adm. Code § 504.802. Thus, the code expressly requires the committed person complete the procedure.

12. The Department's interpretation of these regulations is not only based on the plain language of the administrative code, but is necessary for the orderly administration of the grievance procedure and the protection of the offender population. Courts have routinely held that an agency's interpretation of its regulations is entitled to substantial weight and deference. *Hartney Fuel Oil Co. v. Hamer*, 2014 IL 115130, ¶ 16 (2013).

13. Plaintiff attorneys forwarded an emergency grievance to Kevin Kink, John Baldwin and the Administrative Review Board on February 22, 2018. [41/5]. Although the allegations contained in the grievance were investigated, Plaintiff's counsel was advised that pursuant to 20 Ill. Adm. Code 504.840, future grievances must be submitted to the appropriate IDOC facility as prescribed by the Administrative Code. [d/e 41-5, p. 18]. Plaintiff's attorney was also advised that "… in accordance with Departmental Rule DR504F, if after receiving the response of the Chief Administrative Officer, the offender stills feels that the problem, complaint or grievance has not been resolved to his satisfaction, his appeal must be received by the director within 30 days after the date of the decision. 20 Ill. Admin. Code 504.850(a). Therefore, in accordance with this policy the appeal must be received from the offender." [d/e 41-5 p. 19].

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this honorable Court grant their Motion for Summary Judgment, and dismiss Defendants from this suit as well as grant any other relief the Court deems equitable and just.

                                              Respectfully submitted,

                                              JOHN BALDWIN, KAREN JAIMET, KEVIN KINK, NICHOLAS LAMPLEY, MICHAEL CLARK, JEREMY GIVENS, JACOB BLACKBURN, CHRISTOPHER DOERING, TAYLOR GEE, SUSAN KUNDE, ARTHUR MANZANO and JOHN VARGA,

                                                  Defendants,

                                              LISA MADIGAN, Attorney General,

Christine McClimans #6203209         State of Illinois,
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226                                   Attorney for Defendants,
Springfield, Illinois 62706
Telephone: (618) 236-8621                  BY:  s/Christine McClimans
Email: cmcclimans@atg.state.il.us              Christine McClimans
                                                                 Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| DEON HAMPTON, M15934 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 18-550-NJR-RJD |
| | ) | |
| JOHN BALDWIN, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 7, 2019 I caused to be electronically filed the foregoing <u>Response to Plaintiff's Notice of Supplemental Authority Regarding Defendants' Motion for Summary Judgment, Doc. 36, 86</u> with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Sheila Bedi         sheila.bedi@law.northwestern.edu

Vanessa DeValle     Vanessa.delvalle@law.northwestern.edu

Alan Mills          alan@uplcchicago.org

                            Respectfully submitted,

                        By:  /s/Christine McClimans
                            Christine McClimans, #6203209
                            Assistant Attorney General
                            201 West Pointe Dr. Suite 7
                            Swansea, IL 62226
                            Telephone: (618) 236-8621
                            Facsimile: (618) 236-8620
                            cmcclimans@atg.state.il.us