IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-550-NJR-RJD |
| | ) |
| JOHN BALDWIN, KEVIN KINK, | ) |
| KAREN JAIMET, OFFICER BURLEY, | ) |
| LT. GIVENS, OFFICER CLARK, | ) |
| OFFICER LANPLEY, JOHN DOE 1-4, | ) |
| JOHN VARGA, OFFICER GEE, | ) |
| OFFICER MANZANO, OFFICER | ) |
| BLACKBURN, LT. DOERING, and | ) |
| SGT. KUNDE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 117), which recommends granting in part and denying in part the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants John Baldwin, Karen Jaimet, Kevin Kink, Nicholas Lanpley, Michael Clark, Jeremy Givens, Jacob Blackburn, Christopher Doering, Taylor Gee, Susan Kunde, Arthur Manzano, and John Varga (Doc. 36).[1]

Plaintiff Deon Hampton, a transgender inmate, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants violated her constitutional rights while she was

---

[1] The Clerk of Court is **DIRECTED** to correct Defendants' names on the docket as reflected in this paragraph.

Page **1** of **4**

incarcerated at various correctional centers within the Illinois Department of Corrections (Doc. 1). Hampton is proceeding on her Amended Complaint, which alleges nine counts related to Defendants' alleged violation of the Equal Protection Clause, the Eighth Amendment, the Americans with Disabilities Act, the Illinois Hate Crimes Act, and Illinois state law regarding intentional infliction of emotional distress (Doc. 64).

On April 20, 2018, all Defendants except Officer Burley filed a motion for summary judgment asserting Hampton failed to exhaust her administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq.*, prior to filing this lawsuit (Doc. 36). After supplemental briefing on the issue and an evidentiary hearing held by Judge Daly pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Daly entered the Report and Recommendation that is currently before the Court. Objections to the Report and Recommendation were due May 13, 2019. No objections were filed.

Because no party has filed an objection, the undersigned need not undertake a *de novo* review. 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has reviewed Judge Daly's Report and Recommendation for clear error. Following this review, the Court agrees with her findings, analysis, and conclusions. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 117) and **GRANTS in part and DENIES in part** the Motion for

Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 36).

The Court finds that Hampton failed to exhaust her administrative remedies as to Count Three against Defendants Givens, Clark, and Lanpley, as well as Count Four against Defendant Jaimet. Defendants Givens, Clark, Lanpley, and Jaimet are therefore **DISMISSED without prejudice**. This case shall now proceed on the merits as to the following claims:

| | |
|---|---|
| **Count One:** | Fourteenth Amendment Equal Protection claim against John Baldwin, the Director of the IDOC, in his official capacity for refusing to place Plaintiff in a women's prison. |
| **Count Two:** | Fourteenth Amendment Equal Protection claim against Director Baldwin and Dixon Warden John Varga in their official capacities related to Plaintiff's subjection to continued verbal sexual harassment due to her gender identity. |
| **Count Three:** | Eighth Amendment failure to protect claim against Defendants John Does 1-4, Officer Burley, Officer Gee, IA Officer Manzano, and IA Officer Blackburn in their individual capacities and Director Baldwin and Warden Varga in their official capacities for failing to ensure Plaintiff's safety at Dixon and Lawrence despite their knowledge that she is vulnerable to abuse and sexual assault. |
| **Count Four:** | Eighth Amendment cruel and unusual punishment claim against Defendants Warden Varga and Warden Kink, in their individual capacities, and Director Baldwin and Warden Varga in their official capacities for placing Plaintiff in segregation, thereby exacerbating her serious mental health problems. |
| **Count Five:** | Eighth Amendment excessive force claim against Officer Burley, Lt. Doering, and Sgt. Kunde. |
| **Count Six:** | Claim under the Americans with Disabilities Act against Director Baldwin and Warden Varga in their official capacities for failing to provide Plaintiff with reasonable accommodations for her Gender Dysphoria disability. |

| | |
|---|---|
| **Count Seven:** | *Monell* claim under 42 U.S.C. § 1983 against Director Baldwin and Warden Varga in their official capacities for ratifying and implementing unconstitutional policies related to transgender prisoners. |
| **Count Eight:** | Claim under the Illinois Hate Crimes Act against Officer Burley in his individual capacity for allegedly physically assaulting Plaintiff due to her gender and sexual orientation, and against Director Baldwin and Warden Varga in their official capacities to prevent the continued violation of Plaintiff's rights under the Illinois Hate Crimes Act. |
| **Count Nine:** | Intentional infliction of emotional distress claim against Director Baldwin, Warden Varga, Warden Kink, Lt. Doering, Sgt. Kunde, and Officer Burley in their individual capacities. |

**IT IS SO ORDERED.**

**DATED:** May 15, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**