IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON HAMPTON,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN BALDWIN, et al.,<br><br>  Defendants. | Case No. 18-cv-550-NJR |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion to dismiss claims for injunctive and declaratory relief filed by Defendants John Baldwin[1] and Warden John Varga (Doc. 122). Defendants argue that Plaintiff Hampton's claims which seek only injunctive and declaratory relief are now moot because she has been released from the Illinois Department of Corrections ("IDOC"). Hampton had until August 29, 2019 to file a response but failed to do so. The Court considers the failure to respond an admission of the facts of Defendants' motion. SDIL Local Rule 7.1(c). *See also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (a failure to respond constitutes an admission that there are no undisputed material facts).

Hampton, a transgender inmate in the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants violated her constitutional rights while she was incarcerated at various correctional centers within IDOC (Doc. 64). The Amended Complaint consists of nine counts alleging violation of the

---

[1] The Court notes that any official capacity claims would be against the new IDOC Director, Rob Jeffreys.

Equal Protection Clause, the Eighth Amendment, the Americans with Disabilities Act, the Illinois Hate Crimes Act, and Illinois state law regarding intentional infliction of emotional distress. Hampton's Fourteenth Amendment Equal Protection claims (Counts 1 and 2), Americans with Disabilities Act claim (Count 6), and her *Monell* claim (Count 7) were brought against Baldwin and Varga in their official capacities. Further, Hampton's Eighth Amendment failure to protect claim (Count 3), Eighth Amendment cruel and unusual punishment claim (Count 4), and Illinois Hate Crimes Act claim (Count 8) were also brought against Baldwin and Varga in their official capacities, as well as other defendants in their individual capacities.

It is undisputed that Hampton was released from IDOC custody on July 8, 2019 (Doc. 122, p. 1). It is well established that when a prisoner is transferred or released from IDOC custody her claims for injunctive relief are moot unless she can demonstrate that she is likely to be retransferred. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir.2012) (Once inmate is released from prison, his request for injunctive relief was rendered moot); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008). Here, Hampton has been released from custody and she has not alleged that she is likely to be placed back in IDOC custody. Similarly, Hampton's claims for declaratory relief against Baldwin and Varga in their official capacities are also now moot. *Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (citing *Higgason*, 83 F.3d at 811). Because Hampton is no longer an inmate at IDOC, the Court **FINDS** that her claims for injunctive and declaratory relief in Counts 1, 2, 3, 4, 6, 7, and 8 are moot.

Accordingly, the Court **GRANTS** the motion to dismiss and the claims against John Baldwin and John Varga, in their official capacities, are **DISMISSED without**

**prejudice**. John Baldwin and John Varga remain in the case, in their individual capacities, for purposes of Hampton's intentional infliction of emotional distress claim (Count 9). The case shall now proceed on the merits as to the following claims:

| | |
|---|---|
| Count Three: | Eighth Amendment failure to protect claim against Defendants John Does 1-4, Officer Burley, Officer Gee, IA Officer Manzano, and IA Officer Blackburn in their individual capacities for failing to ensure Plaintiff's safety at Dixon and Lawrence despite their knowledge that she is vulnerable to abuse and sexual assault. |
| Count Four: | Eighth Amendment cruel and unusual punishment claim against Defendants Warden Varga and Warden Kink, in their individual capacities, for placing Plaintiff in segregation, thereby exacerbating her serious mental health problems. |
| Count Five: | Eighth Amendment excessive force claim against Officer Burley, Lt. Doering, and Sgt. Kunde. |
| Count Eight: | Claim under the Illinois Hate Crimes Act against Officer Burley in his individual capacity for allegedly physically assaulting Plaintiff due to her gender and sexual orientation. |
| Count Nine: | Intentional infliction of emotional distress claim against Director Baldwin, Warden Varga, Warden Kink, Lt. Doering, Sgt. Kunde, and Officer Burley in their individual capacities. |

**IT IS SO ORDERED.**

**DATED:** February 6, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**