IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEON HAMPTON,** | |
| **Plaintiff,** | |
| v. | Case No. 18-cv-550-NJR |
| **KEVIN KINK, et al.,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on motions to compel filed by both Plaintiff Deon Hampton and Defendants. Defendants filed a motion to compel (Doc. 142) seeking Hampton's Facebook posts. Hampton filed a response in opposition to the motion (Doc. 143). Hampton also filed a motion to compel (Doc. 144) seeking Facebook posts. Defendants filed a response (Doc. 145) to that motion. The Court held a hearing on the motions on January 13, 2021.

**Factual Background**

Plaintiff Deon Hampton, who was an inmate with the Illinois Department of Corrections ("IDOC") at the time she filed her lawsuit, brings this case pursuant to 42 U.S.C. § 1983 for deprivations of her constitutional rights. Her Second Amended Complaint (Doc. 138) alleges claims for failure to protect, cruel and unusual punishment, and excessive force, all under the Eighth Amendment. She also alleges a claim under the Illinois Hate Crimes Act, 720 ILCS § 5/12-7.1(c), as well as a state law claim for intentional

infliction of emotional distress. She alleges that while incarcerated she was subjected to physical and verbal abuse and discriminated against. She also alleges that Defendants failed to protect her from abuse and kept her in segregation on false disciplinary tickets which prevented her from receiving proper mental health care.

### A. Defendants' Motion to Compel

Defendants' motion to compel (Doc. 142) seeks Facebook posts from Hampton, from January 1, 2018 to the present, which reference her litigation with IDOC, her medical and mental health treatment, and her gender identity. Hampton objects on the grounds that the request is not relevant, is unduly burdensome, and is meant to harass her. Defendants argue that the documents are relevant because Hampton's gender identity and her mental and health treatment are a central issue in the case and the posts will show lasting effects of the Defendants' actions as well as how she was treated by Defendants and her vulnerability while in prison.

Hampton argues that the posts related to her gender identity are not relevant because the parties do not dispute her gender identity and the posts occurred after her release from prison and do not relate to the treatment she received in prison. Hampton notes that she is willing to stipulate that she still identifies as female after her release from prison. She argues that the request is overbroad because all of her posts reference her identity, including pictures that show her choice of clothing, accessories, hair, makeup, and voice. She also posted several times a day since her release making the request overly burdensome. She notes that her Facebook page is public, and Defendants are free to sort through the posts for any relevant information.

Hampton also argues that any posts related to her pursuing litigation against IDOC are not relevant and designed only to harass her and dissuade her from speaking publicly about the litigation. She points out that Defendants have not offered any relevance to posts about litigation. Further, Hampton notes that although she has posted new articles about the litigation and mentioned her desire to bring awareness to the injustices in the prison setting, she is not aware of any specific posts about this litigation.

As to the request regarding mental and medical posts, Hampton notes that she is unaware of any posts related to her mental and medical treatment after leaving IDOC custody. Further, she testified that she suffers from post-traumatic stress disorder and Defendants failed to demonstrate that any Facebook post would be relevant in refuting that diagnosis.

**B. Hampton's Motion to Compel**

Hampton seeks posts from Defendants from the Facebook page "Behind the Walls—Illinois Dep't of Corrections", a private group established in 2011 for correctional staff. The group's posts are only available to group members and Hampton received some sample postings from the group through an anonymous source. Those samplings were posts that discussed Hampton and, according to Hampton, were homophobic, racist, transphobic, and demeaning (Doc. 144-1). Hampton requested from Defendants posts from the group page from January 2018 to the present that related to (1) Hampton, (2) transgender prisoners, and (3) posts made by Defendants.

In response to the request, Defendant Burley indicated he was a member of the group and posted about Hampton but did not have possession of those posts (Doc. 144-

3, p. 12). Defendant Kirk also was a member of the group and made posts but did not have access to the posts and had not been on the site in a long time (*Id*. at pp. 4-5). Defendants Gee and Manzano were not members of the group, Defendant Varga simply responded "none," and Defendant Kunde said she had not been on Facebook in five years (*Id*. at pp. 25-26, 28-29, 31-32, and 34-35). Defendant Doering initially responded that he did not post in the group but later testified at his deposition that he was a member of the group (*Id*. at pp. 14-15). He later supplemented his response indicating that he was a member but did not have the two-factor authorization to access the group and could not print anything from the site because he only had access on his phone (*Id*. at p. 17, 21-22). Defendant Burley later indicated that he would search the site for his own posts. Defendants, however, object to searching the site for all of the posts that Hampton seeks (Doc. 144-5). Defendants admit that Doering, Kink, and Burley have access to the group page but object to searching the group for the documents requested by Hampton. This would include any posts that Defendants liked, read, or otherwise had access to.

Hampton argues that the posts are relevant and are limited in time and scope. She specifically seeks posts that were transphobic and discussed the personal and medical information of inmates, including Hampton. She already has a sampling of posts which show that there were posts of a transphobic nature about her as well as other inmates. Hampton believes that similar posts about her and other inmates are on the page. She argues that the posts are from IDOC employees of the prisons at issue in this case, some of which Defendants knew as employees. Some Defendants were also members of the group and admitted reading posts on the page, which Hampton argues indicates that

they participated in those discussions and were aware of the transphobia prevalent among employees. They might have also liked posts, demonstrating their complicity which Hampton argues is key to her failure to protect claim.

Defendants maintain that Burley was able to re-join the group in order to obtain copies of his posts. Doering has not posted on the page and only has access to the page through his phone. Kink retired in December 2018 and only posted condolences on the site. He is no longer a member of the group. Blackburn, Varga, and Gee are not a part of the group and Kunde and Manzano no longer have Facebook accounts. They note that none of the sample postings produced by Hampton show that any of the Defendants made comments on the posts nor is there any reference to them in the posts. They argue that Hampton's request amounts to a fishing expedition as Hampton indicates she wants to see what other guards were saying about her on the page. Although she argues that the posts show a transphobia culture in IDOC and that Defendants were aware of that culture, Defendants argue she has not shown that they were aware of the posts or that the attitudes expressed influenced how inmates were treated.

## ANALYSIS

### A. Defendants' Motion to Compel

The information Defendants seek is relevant to the Eighth Amendment claims in this case. Defendants seek Hampton's Facebook posts from January 2018 to the present that reference her litigation with IDOC, her medical and mental health treatment, and her gender identity. And, with the exception of Hampton's gender identity posts (a request that encompasses all content on her Facebook page), Defendants' request is not overly

burdensome. Given that Hampton's Facebook page is available for viewing by the general public, counsel for both parties agree that Plaintiff need only provide Defendants with her Facebook "handle" to satisfy their production request. Accordingly, Hampton is ordered to produce her Facebook handle to Defendants within seven days.

### B. Hampton's Motion to Compel

Hampton requests an order compelling Defendants to produce Facebook posts/comments/reactions pertaining to Hampton, transgender inmates, or made by Defendants Burley, Kink, and Doering from the private Facebook page, "Behind the Walls—Illinois Dep't of Corrections." Hampton also seeks an order compelling Defendants to produce the same information from their personal Facebook accounts, to include posts/comments/reactions pertaining to Hampton and transgender inmates and related activity logs dating back to January 2018. With regard to both requests, Hampton seeks an order compelling counsel for Defendants to conduct the search of electronically stored information (ESI) on behalf of Defendants and determine what information is subject to this order before producing the same.

In support of this request, Hampton cites *Brown v. City of Chicago*, Case No. 19-cv-4082 (N.D. Ill.), a case in which counsel was ordered to complete an ESI search on behalf of their clients and determine what information was subject to the discovery request. The information Hampton now seeks is relevant to her Eighth Amendment claims, and counsel for Defendants shall be required to produce this information to Hampton within thirty days.

**DISPOSITION**

Defendants' motion to compel (Doc. 142) is **GRANTED**, and the Court **ORDERS**: on or before **January 20, 2021**, Hampton shall produce to Defendants the name of her Facebook handle. Counsel for Defendants shall use this information to access and review Hampton's Facebook page and search for information relevant to this case. Should any issue arise accessing relevant information, counsel should attempt to resolve the issue informally before seeking the Court's intervention.

Hampton's motion to compel (Doc. 144) is **GRANTED**, and the Court **ORDERS**: on or before **February 16, 2021**, Defendants, by and through counsel, must perform a search of electronically stored information (ESI) contained on the private Facebook page, "Behind the Walls—Illinois Dep't of Corrections," which can be accessed by Defendants Doering, Kink, and Burley, and produce any posts: (1) mentioning Hampton; (2) mentioning any transgender prisoner or transgender prisoners in general; or (3) posted by any Defendant. By the same deadline, Defendants, by and through counsel, must perform an ESI search of each Defendant's Facebook page and produce any posts or comments from January 2018 through the present mentioning: (1) Hampton; or (2) any transgender prisoner or transgender prisoners in general. Counsel also must search each Defendant's activity log and produce a list of any activity (posts, comments, reactions, etc.) pertaining to Hampton or transgender prisoners from January 2018 through the present.

**All information produced pursuant to this Order is subject to a conditional protective order. Should any party deem it necessary or warranted to make any of the**

**information part of the public record, that party must first file a written motion with the Court, and the opposing party shall have an opportunity to respond before the Court decides the matter.**

Finally, the Scheduling Orders (Docs. 120 and 136) are **AMENDED** as follows: Dispositive motions are now due on or before **March 12, 2021**.

**IT IS SO ORDERED.**

**DATED:   January 13, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**